Taft, C. J.
Section 4999.08, Revised Code, being a penal tatute, must be strictly construed. Erie Rd. Co. v. Public Utilities Commission (1943), 141 Ohio St., 342, 48 N. E. (2d), 100.
Apart from certain language in the opinion in New York Central Rd. Co. v. Public Utilities Commission (1929), 121 Ohio it., 383, 169 N. E., 299, it would be very difficult to give serious onsideration to a contention that this Trackmobile was an ‘ ‘ engine or locomotive” within the meaning of those words as used n Section 4999.08, Revised Code. However, it is stated in that tpinion that those words include any “self-propelled vehicle ! * * used to switch cars” regardless of its name. It may be >bserved that nothing resembling such a statement is found n the syllabus of that case. Furthermore, that language must >e read in the light of the facts of that case which disclose that :he “vehicle” there involved was a locomotive, as that word has ilways been understood, even though it had a crane upon it.
Also, if the word “engine” in Section 4999.08, Revised 3ode, were construed to include this Trackmobile, a serious question would be raised as to whether the resulting applica;ion of the statute would be so arbitrary and unreasonable as to violate constitutional limitations on the police power. See Pennsylvania Rd. Co. v. Driscoll (1938), 330 Pa., 97, 198 A., 130, 336 Pa., 310, 9 A. (2d), 621; Pennsylvania Rd. Co. v. Schwartz (1958), 391 Pa., 619, 139 A. (2d), 525; Northern Pacific Ry. Co. v. Weinberg (1943, District Court, Minnesota), 53 F. Supp., 133; Western Pacific Rd. Co. v. State (1952), 69 Nev., 66, 241 P. (2d), 846. Where reasonably possible, a statute should be given a construction which will avoid rather than a construction which will raise serious questions as to its constitutionality. United States, ex rel. Attorney General, v. Delaware & Hudson Co. (1909), 213 U. S., 366, 407, 53 L. Ed., 836, 849, 29 S. Ct., 527, 535; United States v. Harriss, 347 U. S., 612, 618, 98 L. Ed., 989, 996, 74 S. Ct., 808, 812.
For the foregoing reasons, we are of the opinion that the words “engine or locomotive” as used in Section 4999.08, Re *104 vised Code, do not include a tractor-like vehicle equipped wit both railroad wheels and rubber tires which may be operate either on railroad tracks or on roads and which is used to mov railroad cars around a repair-shop yard.
The Public Utilities Commission found that the brothei hoods had failed to establish that the railroad’s operation of th Trackmobile was unsafe. On the record before us, we are of th opinion that that finding is not against the weight of the evi dence.
The order of the Public Utilities Commission being neithe unreasonable nor unlawful is affirmed.

Order affirmed.

Zimmerman, Matthias, O’Neill, Griffith, Herbert an< Gibson, JJ., concur.